UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARTIN MARRERO,

                          Plaintiff,

                                                                      DECISION AND ORDER

                                                                       08-CV-6237L

                            v.

ROBERT A. KIRKPATRICK,
DONNA NORTHRUP,
SGT. SINDONI
KAREN BELLAMY,

                          Defendants.
_____

       Plaintiff, Martin Marrero, appearing *pro se*, commenced this action pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), asserts claims against four individual defendants–Robert Kirkpatrick, Donna Northrup, Richard Sindoni, and Karen Bellamy–arising out of certain incidents that occurred during 2007, while plaintiff was confined at Wende Correctional Facility.

       Defendants, all of whom at all relevant times were DOCS officials or employees, have moved pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss all of plaintiff's claims, other than his First Amendment claims against defendants Northrup and Sindoni. For the reasons that follow, defendants' motion is granted.

## DISCUSSION

**I. "Failure to Protect" Claims**

At several points of his complaint, plaintiff alleges that he is asserting claims against defendants Kirkpatrick and Bellamy based on their "failure to protect" plaintiff. *See* Complaint ¶¶ 49, 51. In that regard, the Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates in their custody." *Hayes v. New York City Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996) (citing *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994)).

It is clear from plaintiff's complaint, however, and from his response to defendants' motion, that plaintiff is not alleging that he suffered any physical harm as a result of defendants' alleged failure to "protect" him, and in fact he is not alleging that defendants failed to protect his *safety* at all. Plaintiff's assertion that defendants "failed to protect" him does not relate to any threat to his safety, but to defendants' failure to remedy the other defendants' alleged constitutional violations alleged in the complaint. Those allegations are addressed below, in the context of Kirkpatrick's and Bellamy's personal involvement in the alleged constitutional violations. To the extent, then, that the complaint can be read as asserting any Eighth Amendment "failure to protect" claims, those claims are dismissed for failure to state a cognizable claim.

**II. Equal Protection Claims**

Plaintiff also alleges, in conclusory fashion, that Kirkpatrick and Bellamy have violated his equal protection rights. *See* Complaint ¶¶ 49, 51. To state a viable claim for denial of equal protection, a plaintiff generally must allege "purposeful discrimination ... directed at an identifiable or suspect class." *Giano v. Senkowski*, 54 F.3d 1050, 1057 (2d Cir. 1995), or that he has been

intentionally treated differently from others similarly situated, with no rational basis for the difference in treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *DeMuria v. Hawkes*, 328 F.3d 704, 706 (2d Cir. 2003).

Plaintiff has alleged no such facts here. His response to defendants' motion also articulates no sound basis for such a claim. *See* Dkt. #10 at 2. This claim is therefore dismissed.

### III. Conspiracy Claims

Plaintiff alleges that defendants Northrup and Sindoni conspired to prevent or impede a proper or complete investigation of plaintiff's administrative grievances. *See* Complaint ¶ 50. I construe those allegations to assert a claim under 42 U.S.C. § 1985. *See Lashley v. Wakefield*, 367 F. Supp. 2d 461, 472 (W.D.N.Y. 2005).

Conclusory allegations that a defendant conspired to violate a plaintiff's civil rights are not sufficient to make out a § 1985 claim. *See Walker v. Jastremski*, 430 F.3d 560, 564 n. 5 (2d Cir. 2005), *cert. denied*, 547 U.S. 1101 (2006); *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997); *Koulkina v. City of New York*, 559 F.Supp.2d 300, 318 (S.D.N.Y. 2008). That is particularly so in the aftermath of the Supreme Court's ruling in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which heightened the pleading requirements under the Federal Rules of Civil Procedure. *See In re Elevator Antitrust Litigation*, 502 F.3d 47, 50 (2d Cir. 2007) ("We affirm the district court's dismissal of the conspiracy claims because plaintiffs are unable to allege facts that would provide plausible grounds to infer an [unlawful] agreement" among the defendants).

In the case at bar, plaintiff has presented no more than conclusory allegations of a conspiracy between Northrup and Sindoni. In the absence of any factual allegations to support such a claim,

plaintiff's conspiracy claims must be dismissed. *See Sudler v. City of New York*, No. 08 Civ. 11389, 2009 WL 2365335, at *3 (S.D.N.Y. July 31, 2009) ("The complaint's entirely conclusory allegations of [a] conspiracy ... amount to nothing more than bald allegations that all defendants conspired among themselves, which do not suffice under *Twombly*") (internal quotation marks omitted).

To the extent that plaintiff attempts to assert his conspiracy claim against Sindoni based on Sindoni's alleged conspiracy to violate other inmates' constitutional rights, *see* Complaint ¶ 50, such a claim must also be dismissed for lack of standing. *See Swift v. Tweddell*, 582 F.Supp.2d 437, 449 (W.D.N.Y. 2008).

**IV. Due Process Claims**

Plaintiff asserts due process claims against defendants Kirkpatrick, Northrup, and Bellamy. *See* Complaint ¶¶ 49-51. These claims appear to be predicated on plaintiff's placement in keeplock status for about a week, *see* Complaint ¶¶ 39-42, and on plaintiff's loss of his position as inmate grievance representative. *See* Complaint ¶¶ 39-47.

To show a violation of his procedural due process rights, an inmate must establish interference with a protected liberty interest. Plaintiff cannot do so here.

First, with respect to plaintiff's keeplock confinement, plaintiff does not allege facts indicating that he suffered an "atypical and significant hardship in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). *See also Iqbal v. Hasty*, 490 F.3d 143, 161 (2d Cir. 2007) (outlining relevant factors to consider in determining whether inmate has made such a showing), *reversed on other grounds sub nom. Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009). Second, as to his job as grievance representative, a prisoner does not have a

constitutionally protected liberty interest in any particular job assignment. *See Johnson v. Rowley*, 569 F.3d 40, 44 (2d Cir. 2009).

To the extent that the complaint can be read as asserting a substantive due process claim, such a claim fails as well. Courts have limited substantive due process protection to "government action that is arbitrary, conscience-shocking, or oppressive in a constitutional sense ... ." *Kaluczky v. City of White Plains*, 57 F.3d 202, 211 (2d Cir. 1995). Plaintiff has alleged no such conduct.

In addition, "[i]f a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997). Even given the most generous construction, plaintiff's complaint can only be construed as asserting claims–however faulty–that are covered by other specific provisions of the Constitution.

## V. "Failure to Investigate" Claims

Plaintiff alleges that defendants Northrup and Sindoni acted together to prevent plaintiff's grievances from being properly investigated or processed. Complaint ¶ 50. That allegation does not give rise to a § 1983 claim. "It is well established ... that inmate grievances procedures are undertaken voluntarily by the states, that they are not constitutionally required, and accordingly that a failure to process, investigate or respond to a prisoner's grievances does not in itself give rise to a constitutional claim." *Swift v. Tweddell*, 582 F.Supp.2d 437, 445-46 (W.D.N.Y. 2008) (citing cases).

**VI. Personal Involvement of Kirkpatrick and Bellamy**

At all relevant times, Kirkpatrick and Bellamy were, respectively, the superintendent of Wende and the director of the DOCS Inmate Grievance Program in Albany, New York. *See* Complaint ¶¶ 4, 6. All of plaintiff's claims against these two defendants must be dismissed for failure to allege facts showing their personal involvement in the alleged constitutional deprivations.

A plaintiff asserting a § 1983 claim against a supervisory official must allege facts showing that the defendant was personally involved in the alleged constitutional violation. *Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246, 254 (2d Cir. 2001); *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001). That requirement may be satisfied by alleging facts showing that: (1) the defendant participated directly in the alleged constitutional violation; (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong; (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom; (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts; or (5) the defendant exhibited deliberated indifference to others' rights by failing to act on information indicated that constitutional acts were occurring. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995); *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986).

Here, plaintiff alleges that he wrote letters to Kirkpatrick and Bellamy, complaining about various matters, and that they failed to respond to plaintiff's satisfaction. *See* Complaint ¶¶ 49, 51. Such claims are insufficient to demonstrate defendants' personal involvement. *See Rivera v. Fischer*, ___ F.Supp.2d ___, 2009 WL 2981876, at *2-*3 (W.D.N.Y. Sept. 18, 2009) (and cases cited therein). In the absence of any factual allegations indicating that Kirkpatrick or Bellamy had

any further involvement in the underlying events, there is no basis for any § 1983 claim against either of them.

## CONCLUSION

Defendants' motion to dismiss (Dkt. #5) is granted. All of plaintiff's claims against defendants Robert Kirkpatrick and Karen Bellamy are dismissed. Plaintiff's conspiracy, due process, and "failure to investigate" claims against defendants Donna Northrup and Richard Sindoni are also dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      October 5, 2009.