UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARTIN MARRERO,

                                    Plaintiff,

                                                                                        DECISION AND ORDER

                                                                                        08-CV-6237L

                     v.

ROBERT A. KIRKPATRICK, et al.,

                                    Defendants.
_____

       On October 5, 2009, the Court issued a Decision and Order (Dkt. #12) that dismissed some, but not all, of the *pro se* plaintiff's claims in this action under 42 U.S.C. § 1983. 2009 WL 3172693. Plaintiff subsequently filed a letter motion (Dkt. #14), which the Court treated as a motion to reconsider.

       On November 5, 2009, this Court entered an order (Dkt. #15) directing defendants to reply to plaintiff's motion. In particular, the Court directed defendants to address "plaintiff's claim that he was discriminated against and retaliated against because he had been elected the Inmate Grievance Representative." Dkt. #15 at 1. Defense counsel filed a declaration in response to that order on November 23, 2009. Dkt. #16. Plaintiff has also filed additional papers in support of his motion to reconsider. Dkt. #17.

Having considered the parties' respective submissions, I deny plaintiff's motion to reconsider. There is some authority that a prisoner's activities in his role as an appointed inmate grievance representative may be constitutionally protected, and therefore that they may form a basis for a § 1983 retaliation claim. *See*, *e.g.*, *Ahlers v. Grygo*, No. 02-CV-3256, 2009 WL 3587483, at *4 (E.D.N.Y. Oct. 27, 2009); *Anderson v. Lapolt*, No. 07-CV-1184, 2009 WL 3232418, at *2 (N.D.N.Y. Oct. 1, 2009); *Lashley v. Wakefield*, 367 F.Supp.2d 461, 466 n.4 (W.D.N.Y. 2005).[1]

As I did in my October 2009 Decision and Order, however, I conclude that plaintiff has failed to establish the personal involvement of defendants Robert Kirkpatrick and Karen Bellamy. 2009 WL 3172693, at *3-*4. I therefore see no basis to alter or amend my decision dismissing plaintiff's claims against them.

In addition, my prior decision left intact plaintiff's First Amendment claims against defendants Donna Northrup and Richard Sindoni. *See id.* at *1. Since plaintiff's allegations of retaliation form a part of his First Amendment claims, there is no occasion here to alter my prior decision in that regard either.

---

[1] I also note that several days before filing his motion to reconsider, plaintiff filed a notice of appeal (Dkt. #13) from the Court's October 5 Decision and Order. Since that decision did not dismiss all of plaintiff's claims, and because Court did not certify it for interlocutory appeal pursuant to Rule 54(b), the decision was not appealable. See *Citizens Accord, Inc. v. Town of Rochester, New York*, 235 F.3d 126, 128-29 (2d Cir. 2000).

"The rule in the Second Circuit is that an appeal from a nonappealable order does not divest the District Court of jurisdiction." *Holmes v. NBC/GE*, 168 F.R.D. 481, 482 (S.D.N.Y. 1996) (citing *Leonhard v. United States*, 633 F.2d 599, 609-610 (2d Cir. 1980)), *aff'd*, 133 F.3d 907 (2d Cir. 1997). Plaintiff's filing of a notice of appeal therefore does not divest this Court of jurisdiction to consider his motion to reconsider.

**CONCLUSION**

Plaintiff's motion to reconsider (Dkt. #14) the Decision and Order of this Court entered on October 5, 2009, (Dkt. #12), is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
January 29, 2010.