UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MARTIN MARRERO,

      Plaintiff,

  v.

ROBERT A. KIRKPATRICK, Superintendent,
et al.,

      Defendants.
_____

<u>DECISION & ORDER</u>

08-CV-6237L

    Plaintiff filed a *pro se* complaint on June 4, 2008 pursuant to 42 U.S.C. § 1983 alleging violations of his Eighth and Fourteenth Amendment rights. Currently before this Court is plaintiff's motion for the appointment of counsel. (Docket # 20).

    It is well-settled that there is no constitutional right to appointed counsel in a civil case. While 28 U.S.C. § 1915 provides that the Court may appoint counsel to a party to a civil suit in order to assist indigent litigants, *see*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), the Court has discretion whether to permit such an appointment, *see In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to appoint counsel include the following:

    1.  Whether the claims seem likely to be of substance;

    2.  Whether the movant is able to investigate the "crucial facts" of their claim;

    3.  Whether conflicting evidence, creating the need for cross-examination, will be the major proof presented to the fact finder;

> 4. The complexity of the legal issues; and
>
> 5. Whether the appointment of counsel would more likely lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

Of special importance is the determination by the Court of the merits of the claim because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). The Court must thus consider the "likelihood of merit" to the underlying dispute. *Hendricks v. Coughlin*, 114 F.3d at 392. "Even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001).

In light of the *Hendricks* factors, 114 F.3d at 392, this Court has reviewed the facts and found that the appointment of counsel is not warranted at this time. This Court finds that the plaintiff has failed to show a sufficient likelihood of success on the merits. Secondly, while plaintiff cites constraints on the amount of time he is permitted to spend in the facilities law library, he has not shown to this Court that his ability to conduct research in the law library has been so impeded as to justify the appointment of counsel.

Furthermore, while plaintiff alleges violations of 42 U.S.C. § 1983 on a variety of legal theories against four defendants, the issues in this case are not sufficiently complex to

require appointed counsel.  Nor is this Court persuaded at this time that extensive cross-examination will be required.

Lastly, plaintiff has not adequately shown this Court that the appointment of counsel would create a greater probability of a just outcome.  Accordingly, plaintiff's motion for the appointment of counsel **(Docket # 20)** is **DENIED** without prejudice.  It is the plaintiff's responsibility to proceed with the lawsuit *pro se* or obtain his own attorney.  28 U.S.C. § 1654.
**IT IS SO ORDERED.**

                                            *s/Marian W. Payson*
                                            MARIAN W. PAYSON
                                         United States Magistrate Judge

Dated: Rochester, New York
        July  26 , 2010